Mary Ann TIKALSKY, Plaintiff,

v.

CITY OF CHICAGO, a Municipal Corp., Samuel Nolan, Acting Superintendent of Police; Lemon Works, Jr.; Frank J. Skattery; Lacy Williams; Normal Schmiezeknecak; Thomas Cunningham; Phillip Peppers; Lyle Gayton; Officer Buggs; and Officer Malone, Defendants.

No. 78 C 3260.

United States District Court,
N.D. Illinois, E.D.

March 6, 1984.

Edward T. Stein, Singer, Stein & Green, Chicago, Ill., for plaintiff.

Kenneth J. Cortesi, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Presently before the Court are plaintiff's motion for attorneys' fees, her motion for a turn over order and her motion for supplemental costs. For reasons set forth below, plaintiff's motions are granted.

In *Mary Beth G. and Sharon N. v. City of Chicago*, 723 F.2d 1263 (7th Cir.1983), the Seventh Circuit held that because plaintiff was successful on her central claim for relief in the instant matter, which challenged improper strip searches by the Chicago Police Department, she is entitled to reasonable attorney's fees. *Id.* at 1278.[1] Citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Court added that hours spent on false arrest and excessive force claims, upon which plaintiff did not prevail, should be excluded from a fee award. *Id.* at 1280. Time spent on a petition for mandamus, however, is compensable. *Id.* at 1281.[2] In remanding this matter to us, the Court provided detailed guidance for our inquiry:

> the court might well begin by determining the number of hours actually worked that were reasonably necessary to the successful claim, thereby excluding excessive or redundant time, and then multiplying this figure by a reasonable hourly rate for each attorney who worked on the case. The reasonableness of the hourly rate "should be measured according to the normal rate in the legal community for substantially similar work by competent practitioners. The resulting amount can then be adjusted according to several factors, including the experience of the attorneys, the difficulty of

---

1. The Court also reversed the district court's refusal to award plaintiff certain costs for trial work. Plaintiff presently seeks, in addition to trial costs, the costs of her appeals. The city does not object to this request. Accordingly, plaintiff's motion for costs is granted in the sum of $4,389.38. It is so ordered.

2. As a result, defendants' objections to compensating James A. Strnal for work on the mandamus petition are meritless.

the questions presented, the customary fee, and whether the fee is fixed or contingent. In particular, *Hensley* emphasizes that courts must give considerable attention to "the relationship between the extent of success and the amount of the fee award," especially when the plaintiff has succeeded on only some of his or her claims. If the trial court determines that the amount of the fee after the initial calculations is "unreasonable" in light of the level of success, then it should make an upward or downward adjustment. Finally, the court should provide a clear explanation of its reasons for the amount of the award it grants.

*Id.* at 1281 (citations omitted).[3]

■ Plaintiff claims that her attorneys worked a total of 1,144.20 hours; multiplying this by various hourly rates yields a total of $128,976.25. Plaintiff also seeks a fifty percent multiplier, for a total fee request of $193,464.38. Defendants have raised several objections to plaintiff's fee request. They claim that thirty-one and one-half hours, which involved unsuccessful claims and which were deleted from plaintiff's original fee request, have not been deleted in the current request. Other entries also allegedly relate to unsuccessful claims, involve "clerical functions" or are duplicative. Defendants point out that in the original petition, attorneys Singer and Stein sought an hourly rate of $125, but that they presently seek $150 per hour for their work. The fees plaintiff seeks are excessive, according to defendants, in light of plaintiff's $30,000 verdict. Finally, defendants object to the use of a fifty percent multiplier.

We first consider whether any of the hours claimed by plaintiff's attorneys are excessive or redundant. Defendants' contention that plaintiff has failed to delete hours spent by her attorneys upon unsuccessful claims is incorrect. Plaintiff deleted over fifty hours from the original fee request to account for unsuccessful claims. Our review of plaintiff's attorneys' original time sheets convinces us that no further reductions for unsuccessful claims are necessary. As the Seventh Circuit recently observed, an award of attorneys' fees may include time spent on unsuccessful claims to the extent such time would have been spent in connection with successful claims, even if the unsuccessful claims had not been brought.[4] *Johnson ex rel. Johnson v. Brelje,* 701 F.2d 1201, 1211 (7th Cir.1983), citing *Busche v. Burkee,* 649 F.2d 509, 521 (7th Cir.1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

We also decline to reduce plaintiff's attorneys' hours in both the original time sheets and the supplemental time sheets to exclude time spent on conferences and upon what defendants term "clerical matters." Plaintiff has already deleted some of those hours, and we agree with the assertion that work in conferences may indeed involve substantive matters. Furthermore, plaintiff thoroughly accounted for the entries challenged by defendants in her reply memorandum.

■ Turning to the hourly rates sought by attorneys Singer and Stein, we begin by observing that the present case has been vigorously litigated. Mr. Stein and Ms. Singer have extensive experience in civil rights litigation, the instant case is clearly significant and the results counsel obtained

---

**3.** *Hensley v. Eckerhart* listed the factors to be considered in awarding attorneys' fees:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of

the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

—— U.S. at ——, 103 S.Ct. at 1937 n. 3.

**4.** We thus agree with plaintiff that April 29 and May 12, 1980, entries concerning photographs submitted by plaintiff do not relate solely to the excessive force claim, and that trial time on all of her claims is intertwined and does not merit reduction.

are important. The fee from the client, moreover, was contingent. In light of these factors, an award of $150 per hour for their work is reasonable, notwithstanding their previous request for $125 hourly rate. Awarding fees at current rates are appropriate in this matter, which stretches back to 1978. As one court has observed, compensation in present rates accounts

> for two factors: first, rising overhead and expenses have forced attorneys to increase their fees over the past four years and second, increasing inflation has reduced the purchasing power of the dollars earned in a prior year but not received until the present.

*McPherson v. School District #186*, 465 F.Supp. 749, 759 (S.D.Ill.1978). The hourly rate of $150 is in accord with the normal rate in the legal community for work of this nature. The fees requested by other attorneys involved in the case are also reasonable.

 Turning to the final factor we must consider, neither an upward nor a downward adjustment of the fee amount in the present case is warranted. The award of a multiplier is a matter within this Court's discretion and should not be done lightly. *In re Illinois Congressional Districts Reapportionment Cases*, 704 F.2d 380, 382 (7th Cir.1983). We also observe that a contingent fee was involved, that plaintiff achieved excellent results and that her counsel performed with exceptional ability. We also believe that the present fee, with the hourly rates we have decided to award, is reasonable in light of plaintiff's success. Our conclusion is reinforced by the size of plaintiff's verdict, and the fact that other employment by her attor-

neys was not precluded by this litigation. We thus decline to apply a multiplier in this case. As the Seventh Circuit has observed, compensation for the quality of attorneys' services is reflected in hourly rates; a contingent fee alone, moreover, does not justify awarding a multiplier. *Johnson ex rel. Johnson v. Brelje*, 701 F.2d 1201, 1212 (7th Cir.1983).

■ Accordingly, we award plaintiff $128,976.25 in attorneys' fees.[5] It is so ordered.[6]

---

**5.** The fees shall be awarded as follows:

**6.** Plaintiff also filed a motion for a turn over order, seeking the $30,000 judgment plus interest. The Seventh Circuit entered judgment on November 29, 1983. Fed.R.Civ.P. 62(a) provides for execution upon a judgment ten days

after its entry. Accordingly, plaintiff's motion     is granted.